IN THE MATTER OF: APPEAL OF: AMUSEMENTS OF ROCHESTER, INC., ET AL. CONCERNING
THE DISCOVERY ASSESSMENT FOR TAX YEARS 2002 THROUGH 2007 BY PENDER COUNTY

No. COA09-234

(Filed 8 December 2009)

**Taxation— ad valorem—amusement ride equipment—business
presence—not taxed elsewhere**

Amusement ride equipment that was in North Carolina for six
months of the year was subject to taxation in North Carolina
where Amusements of Rochester, Inc. statutorily established its
domicile in North Carolina and did not prove that the property
was being taxed in another state.

Appeal by taxpayer from order entered 30 December 2008 by the
North Carolina Property Tax Commission. Heard in the Court of
Appeals 15 September 2009.

*Parker Poe Adams & Bernstein LLP, by Charles C. Meeker and
Katherine E. Ross, for Pender County.*

*Allen and Pinnix, P.A., by Alfred P. Carlton, Jr., and M. Jackson
Nichols, for taxpayer.*

ELMORE, Judge.

Amusements of Rochester, Inc. (ARI), appeals from the Property
Tax Commission's (Commission) final decision that ARI's amusement
park equipment had tax situs in Pender County on 1 January 2007 and
that Pender County lawfully discovered and assessed *ad valorem*

IN RE APPEAL OF AMUSEMENTS OF ROCHESTER, INC.

[201 N.C. App. 419 (2009)]

taxes on the equipment for the tax years 2002 to 2007. We affirm the Commission's decision.

## FACTS

This case involves four parties, but only one, ARI, owns the assessed property. Powers Great American Midways Company (PGAM) is an umbrella organization that encompasses Great American Midways Company, Amusement Properties, Inc., and ARI. ARI is the holding company for PGAM's equipment. Leslie and Debbie Powers are also affiliated entities of ARI.

ARI is a foreign corporation located in New York, and it was granted a certificate of Authority to Operate in North Carolina on 25 July 2006. ARI's registered principal place of business is in Pender County and ARI also pays property taxes on real property in Pender County. ARI owns the amusement rides and the trailers upon which the rides are fixed when not being used. Each year, the equipment is used in carnivals in Virginia, Maryland, Pennsylvania, and New York from approximately late April to late October. When the equipment is not being used, it is maintained and stored in Pender County for approximately six months each year. ARI also employs fifteen year-round employees to rebuild and maintain the equipment.

Pender County contracted with Turner Business Appraisers, Inc. (TBA), to assess personal property taxes on businesses located in Pender County. On 14 September 2006, Pender County contacted ARI to inform them of TBA's tax audit. TBA contacted the Ad Valorem Division of the North Carolina Department of Revenue and requested an official position regarding ARI's tax situs. The department informed TBA that it would be unable to give TBA an official position on ARI's tax situs.

TBA valued ARI's amusement ride property at $24,857,354.00 for the tax years 2002 through 2007 and ARI agreed to TBA's total valuation. TBA received a commission from its tax assessment.

On 24 August 2007, ARI submitted its notice of appeal to the Commission regarding Pender County's Assessment. On 16 September 2008, the Commission affirmed Pender County's determination that ARI's tax situs was in Pender County and its tax assessment of ARI's amusement ride equipment for tax years 2002 to 2007. ARI filed its notice of appeal, exceptions to the Commission's final decision, and a motion to reconsider on 16 October 2008.

**IN RE APPEAL OF AMUSEMENTS OF ROCHESTER, INC.**

[201 N.C. App. 419 (2009)]

## ARGUMENT

ARI submitted nine issues on appeal, but the outcome of this case turns on whether the tax situs of ARI's amusement ride equipment was North Carolina or New York. ARI argues that its amusement ride equipment did not have tax situs in Pender County on 1 January 2007 and that Pender County did not have the authority to discover and assess *ad valorem* taxes on ARI's property for the 2002 through 2007 tax years. We overrule ARI's arguments and affirm the Commission's decision that ARI's tax situs in 2007 was North Carolina.

North Carolina General Statute § 105-345.2 governs the appellate standard of review of the North Carolina Property Tax Commission's decisions. N.C. Gen. Stat. § 105-345.2(c) provides that "[i]n making the foregoing determinations, the court shall review the whole record or such portions thereof as may be cited by any party and due account shall be taken of the rule of prejudicial error." N.C. Gen. Stat. § 105-345.2(c) (2007). For appeals from administrative tribunals, "[q]uestions of law receive *de novo* review, whereas fact-intensive issues such as sufficiency of the evidence to support [an agency's] decision are reviewed under the whole-record test." *N.C. Dep't of Env't & Natural Res. v. Carroll*, 358 N.C. 649, 659, 599 S.E.2d 888, 894 (2004) (quotation and citation omitted; alterations in original). The standard of review, however, "is a moot question since we reach the same conclusion under both a *de novo* and whole record test review." *In re SAS Inst., Inc.*, —— N.C. App. ——, ——, ——, S.E.2d ——, —— (2009).

N.C. Gen. Stat. § 105-274 provides that, unless there is a statutory exemption, "[a]ll property, real and personal, within the jurisdiction of the State shall be subject to taxation." N.C. Gen. Stat. § 105-274 (2007). N.C. Gen. Stat. § 105-304 explains how to determine the tax situs of tangible personal property and "applies only to all taxable tangible personal property that has a tax situs in this State." N.C. Gen. Stat. § 105-304(a) (2007). As a general rule, "tangible personal property is taxable at the residence of the owner," and "[t]he residence of a domestic or foreign taxpayer other than an individual person is the place at which its principal North Carolina place of business is located." N.C. Gen. Stat. § 105-304(c)(2) (2007). However, "tangible personal property situated at or commonly used in connection with a business premises hired, occupied, or used by the owner of the personal property (or by the owner's agent or employee) is taxable at the place at which the business premises is situated." N.C. Gen. Stat. § 105-304(f)(2) (2007). Unless otherwise provided, "the value, owner-

ship, and place of taxation of personal property, both tangible and intangible, shall be determined annually as of January 1." N.C. Gen. Stat. § 105-285(b) (2007).

The North Carolina Supreme Court concluded that "[s]itus is an absolute essential for tax exaction." *Billings Transfer Corp. v. County of Davidson*, 276 N.C. 19, 32, 170 S.E.2d 873, 883 (1969) (citations omitted). In *Billings*, the Supreme Court set out other relevant principles for determining tax situs, including:

> 2. The state of domicile may tax the full value of a taxpayer's tangible personal property for which no tax situs beyond the domicile has been established so that the property may not be said to have "acquired an actual situs elsewhere."

> 3. The state of domicile may constitutionally subject its own corporations to nondiscriminatory property taxes even though they are engaged in interstate commerce. It is only multiple taxation of interstate operations that violates the Commerce Clause.

> * * *

> 8. With respect to tangible movable property, a mere *general* showing of its continuous use in other states is insufficient to exclude the taxing power of the state of domicile.

> 9. The burden is on the taxpayer who contends that some portion of his tangible personal property is not within the taxing jurisdiction of his domiciliary state to prove that the same property has acquired a tax situs in another jurisdiction.

*Id.* at 32-35, 170 S.E.2d at 883-84 (citations omitted).

By statute, a taxpayer's registered principal place of business can statutorily constitute the taxpayer's domicile. *See* N.C. Gen. Stat. § 105-304(c)(2) (2007) ("The residence of a . . . foreign taxpayer . . . is . . . its principal North Carolina place of business[.]"). ARI was granted a Certificate of Authority to operate in North Carolina and, on the certificate, ARI listed its Pender County address as its principal place of business. Therefore, ARI statutorily established its "domicile" in North Carolina and, pursuant to *Billings*, North Carolina may tax its amusement ride equipment so long as the same property was not being taxed in another state.

ARI, as the taxpayer, has the burden of proving that its tangible personal property acquired a tax situs in New York, not North

Carolina, as of 1 January 2007. ARI was incorporated in New York, and, although, ARI argues that it maintains its principal office in New York, its North Carolina certificate of authority listed its Pender County address as the street address and county of the principal place of business. ARI also transported and used its amusement ride equipment in four other states. However, ARI's continuous interstate use of its equipment cannot exclude North Carolina from taxing ARI's amusement ride equipment, especially when ARI did not provide any evidence establishing that it paid *ad valorem* taxes on the equipment elsewhere.[1] Thus, pursuant to N.C. Gen. Stat. § 105-304(c)(2), ARI is a resident of Pender County and it failed to establish that its tangible personal property had tax situs elsewhere.

In *In re Plushbottom and Peabody*, this Court addressed whether an *ad valorem* tax could be levied upon a business whose tangible personal property was only located in North Carolina for several weeks at a time. 51 N.C. App. 285, 289, 276 S.E.2d 505, 508 (1981). A business situs is "[a] situs acquired for tax purposes by one who has carried on a business in the state more or less permanent in its nature." *Id.* (quotations and citations omitted). Business situs, however, must be established before determining whether tangible personal property has tax situs. *See id.* at 288, 276 S.E.2d at 507 ("But, does the record contain facts to support a finding that Plushbottom has a 'business *situs*' in North Carolina so as to subject its property to taxation by Mecklenburg County? In cases involving 'intangibles' and 'tangibles' the North Carolina Supreme Court answered 'yes' to this question in 1936.").

The business in *Plushbottom* was headquartered in a 15,000-square-foot building in New York and it regularly employed eighty people and operated a 50,000-square-foot warehouse in Mecklenburg County. *Id.* at 289, 276 S.E.2d at 508. This Court found that "[t]he entire inventory of Plushbottom [was] channeled through Mecklenburg County, and no portion of this inventory [was] ever shipped to or ever passe[d] through New York." *Id.* Therefore, this Court found that the business in *Plushbottom* had established a business situs in North Carolina so that its tangible personal property could be subject to taxation in North Carolina. *Id.* at 292, 276 S.E.2d at 510.

ARI argues that it maintains an office in New York and files state and federal taxes in New York with its New York address. However,

---

1. During oral arguments, ARI's counsel confirmed that it paid no *ad valorem* taxes on this property in any state.

like the business in *Plushbottom,* ARI acquired business situs in North Carolina. ARI identified its principal office as its Pender County address, established maintenance and storage facilities in Pender County, and regularly hired employees to work there. Therefore, ARI has "more or less" established a permanent business in North Carolina and can be subjected to North Carolina's *ad valorem* taxes.

ARI contends that, even if this Court finds that its equipment has acquired a North Carolina tax situs, the equipment should be exempt pursuant to N.C. Gen. Stat. § 105-304(f)(2) because its purported business premises are in New York. ARI's contention is misplaced and the exception will not apply. The amusement ride equipment was maintained and stored at its Pender County address which is the same address ARI listed as its principal place of business and which we have determined to be ARI's business situs.

ARI did not meet its burden of proof that its amusement ride equipment had acquired a tax situs in New York as of 1 January 2007. Even though ARI's amusement ride equipment was only in North Carolina for six months of every year, it acquired business situs in North Carolina because of its permanent business presence. By establishing a business situs in North Carolina, ARI met the prerequisite for a determination of whether it acquired a North Carolina tax situs. Therefore, ARI's amusement ride equipment can be subject to taxation in North Carolina because ARI did not prove that, at the time, the property was also being taxed in another state. Accordingly, we affirm the Commission's final decision that Pender County lawfully discovered and assessed *ad valorem* taxes on the equipment for the tax years 2002 to 2007.

Affirmed.

Judges WYNN and CALABRIA concur.